J-S11036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| THOMAS DARTOE, | : | |
| | : | |
| Appellant | : | No. 1890 EDA 2014 |

Appeal from the PCRA Order June 19, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0006369-2007

BEFORE:  FORD ELLIOTT, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED FEBRUARY 19, 2016**

Thomas Dartoe ("Dartoe") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On December 14, 2009, Dartoe, a native of Liberia, pled guilty to aggravated assault, criminal conspiracy to engage in aggravated assault, criminal trespass, and possession of an instrument of crime.[1]  On February 2, 2010, the trial court sentenced Dartoe to an aggregate prison term of seven to twenty years.[2]  The trial court also informed Dartoe that he most likely would be deported as a result of the convictions.  Dartoe did not file a post-sentence motion to withdraw his guilty plea or a notice of appeal.

---

[1] 18 Pa.C.S.A. §§ 2702(a), 903(a)(1), 3503(a)(1)(ii), 907(a).

[2] On a separate docket, Dartoe pled guilty to other charges not relevant to this appeal.

Dartoe filed the instant PCRA Petition, *pro se*, on January 6, 2012. The PCRA court appointed Dartoe counsel, who filed an amended Petition. After issuing a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss Without a Hearing, the PCRA court dismissed the Petition on June 19, 2014. Dartoe filed a Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Dartoe raises the following questions for our review:

A. Whether the trial court erred in denying [Dartoe's] [PCRA] Petition where trial counsel failed to file an appeal on his behalf?

B. Whether the trial court erred in denying [Dartoe's] [PCRA] Petition where trial counsel failed to explain the immigration consequences of the case on him?

C. Whether the trial court erred in denying [Dartoe's] [PCRA] Petition where [Dartoe] was from a foreign country and lacked the legal sophistication to pursue his claims in a timely manner?

Brief for Appellant at 5 (some capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, a PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review,

- 2 -

including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Dartoe's judgment of sentence became final on March 4, 2010, 30 days after sentencing. Dartoe had until March 4, 2011, to file a timely petition. Dartoe did not file the instant PCRA Petition until January 2, 2012. Thus, Dartoe's Petition is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Dartoe invokes the newly recognized constitutional right exception, codified at 42 Pa.C.S.A. § 9545(b)(1)(iii). Dartoe asserts that the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), which held that trial counsel was ineffective for not advising the defendant that pleading guilty may result in deportation, recognizes a new constitutional right that can overcome the PCRA's time bar. *See* Brief for

Appellant at 12, 13-14. Dartoe contends that even though the changes in *Padilla* were enacted after Dartoe's guilty plea, he is entitled to its benefit. *Id.* at 12. Dartoe argues that, had he been informed of the strong possibility of deportation, he would either have taken the matter to trial or negotiated a different guilty plea. *Id.*

Dartoe has not properly invoked the exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). First, Dartoe had 60 days from the date of the *Padilla* decision to file his Petition. *See* 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (stating that PCRA petitions raising an exception under 42 Pa.C.S.A. § 9545(b)(1)(iii) must be filed within 60 days of the date of the underlying judicial decision). *Padilla* was decided on March 31, 2010, and Dartoe did not file his Petition until January 6, 2012, well beyond the 60-day statutory limit.

Further, in order to invoke the newly recognized constitutional right exception, the petitioner must demonstrate that the United States Supreme Court or the Pennsylvania Supreme Court recognized a new constitutional right. *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa. Super. 2014). This Court has explicitly held that *Padilla* did not create a new constitutional right. *Commonwealth v. Garcia*, 23 A.3d 1059, 1064 (Pa. Super. 2011). Rather, *Padilla* merely clarified the scope of a criminal defendant's constitutional right to the effective assistance of counsel during the guilty

plea process.  ***Garcia***, 23 A.3d at 1064.[3]  Therefore, Dartoe has failed to plead and prove the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of his Petition.  ***See id.***[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016

---

[3] Additionally, the United States Supreme Court has ruled that ***Padilla*** does not apply retroactively.  ***See Chaidez v. United States***, 133 S. Ct. 1103, 1113 (2013).

[4] With regard to Dartoe's claim that his trial counsel was ineffective for failing to file an appeal or explaining the immigration consequences of the plea, we affirm "that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005).